**LAW OFFICE OF CORBETT H. WILLIAMS**
Corbett H. Williams, SBN 246458
cwilliams@chwilliamslaw.com
24422 Avenida de la Carlota, Suite 370
Laguna Hills, California 92653
Telephone:  949.679.9909
Facsimile:  949.535.1031

Attorneys for Plaintiff
MATTHEW NICHOLLS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW NICHOLLS, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>TAPIS CORPORATION, a New York Corporation; and DOES 1 through 10; inclusive,<br><br>                    Defendants. | Case No.: 5:25-cv-00870-JGB (SPx);<br>Assigned to: Hon. Jesus G. Bernal<br><br>**PLAINTIFF MATTHEW NICHOLS'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C)**<br><br>Date: February 23, 2026<br>Time: 9:00 a.m.<br>Dept.: Courtroom 1, 2nd Floor<br><br><br>Removal:          April 7, 2025<br>Jury Trial:        Sept. 8, 2026 |

Page 1

Law Offices of Corbett H. Williams

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 23, 2026 at 9:00 a.m. in Courtroom 1 on the 2nd Floor of the United States District Court for the Central District of California, located at 3470 12th St, Riverside, CA 92501, before the Honorable Jesus G. Bernal, Plaintiff and Counter-Defendant Matthew Nichols will and hereby does move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to the First, Second, Fourth, Fifth, and Seventh Causes of Action on grounds that the Counterclaim filed by Defendant and Counterclaim Plaintiff Tapis Corporation on May 14, 2025 lacks sufficient factual allegations to plead a cause of action.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 12, 2025.

This motion is based on this notice of motion, the attached memorandum of points and authorities, all pleadings and papers on file in this action, and any oral argument or documentary matters as may be presented to the Court at or before the hearing on this motion.

Dated:    January 26, 2026          **Law Office of Corbett H. Williams**

By: /s/ Corbett H. Williams
Attorneys for Plaintiff and
Counter-Defendant
MATTHEW NICHOLLS

Page 2

## I.    INTRODUCTION

Counter-Plaintiff Tapis Corporation's ("Tapis") Counterclaim rests on a single theory: that because Plaintiff Matthew Nicholls ("Nichols") had access to Tapis's information during his employment and later joined a competitor, he must have misappropriated trade secrets. But the Counterclaim does not plead facts that plausibly support that conclusion. Instead, it relies on generalized descriptions of information, conclusory assertions of misuse, and an impermissible inference of misappropriation based on subsequent employment—an approach repeatedly rejected by courts in the Ninth Circuit applying California law.

First, the Counterclaim fails to identify any protectable trade secret with the particularity required to state a claim under either the California Uniform Trade Secrets Act ("CUTSA") or the Defend Trade Secrets Act ("DTSA"). The alleged "trade secrets" are described only as broad, catchall categories of ordinary business information, untethered to any specific document, data set, or proprietary process.

Second, even if a trade secret were adequately identified, the Counterclaim does not plead misappropriation. It alleges only that Nicholls had access to information during his employment and later worked for a competitor, without alleging facts showing actual use, disclosure, or intent to misuse any trade secret. Ninth Circuit courts, consistent with California law, reject such allegations and do not permit misappropriation to be inferred from access or competitive employment alone.

Third, because Tapis's non-trade-secret claims are based on the same alleged nucleus of facts as its CUTSA claim, they are superseded as a matter of law. Tapis's claims for breach of the duty of loyalty, unfair competition, and violation of Penal Code section 502 merely repackage the same deficient trade secret allegations and cannot proceed independently.

Accordingly, and because amendment would be futile, judgment on the pleadings should be entered in Nicholls's favor.

Page 3

## II.   SUMMARY OF TAPIS'S TRADE SECRET ALLEGATIONS AND CAUSES OF ACTION

Tapis's Counterclaim is premised on allegations that Nicholls, while employed by Tapis, had access to Tapis's alleged confidential and trade secret information stored on Tapis's internal systems and cloud-based platforms, including Google Drive (Counterclaim ¶¶ 31–38). Tapis does not allege that Nicholls transmitted or disclosed any specific information to a third party. Instead, it alleges that Nicholls's access to Tapis's systems during his employment, combined with his subsequent departure and employment with a competitor, gives rise to liability.

The Counterclaim defines the alleged trade secrets almost entirely through broad categorical descriptions. In paragraph 43, Tapis alleges that its purported trade secrets include generalized categories such as customer lists and contact information, customer preferences and purchasing history, pricing strategies and profit margins, sales and financial reports, internal forecasts and analyses, strategic plans for market expansion and product development, technical and product-related information, and internal emails and communications reflecting business strategy (Counterclaim ¶ 43(a)–(g)). The Counterclaim does not identify any specific document, data set, compilation, or technical process that allegedly constitutes a trade secret, nor does it allege how any such information was used or disclosed.

Based on these allegations, Tapis asserts claims for trade secret misappropriation under the California Uniform Trade Secrets Act and the Defend Trade Secrets Act, along with related claims for breach of contract, breach of the duty of loyalty, violation of California Penal Code section 502, conversion, and unfair competition under California Business and Professions Code section 17200. Each of these claims is expressly or implicitly premised on the same core allegation that Nicholls had access to Tapis's information during his employment and later joined a competitor (*see e.g.*, Counterclaim ¶¶ 38, 43).

Page 4

MOTION FOR JUDGMENT ON THE PLEADINGS

<div style="writing-mode: vertical-rl">Law Offices of Corbett H. Williams</div>

Tapis has since voluntarily dismissed its Sixth Cause of Action for conversion. The remaining causes of action continue to rely on the same underlying allegations concerning access to broadly described categories of information and Nicholls's subsequent employment, without additional factual allegations establishing misappropriation, use, or disclosure of any specific trade secret.

## III.   LEGAL DISCUSSION

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is properly granted when, accepting all factual allegations in the pleadings as true, no material issue of fact remains to be resolved and the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

The standard governing a motion for judgment on the pleading under Rule 12(c) is "functionally identical" to the standard applied a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Lujano v. Piedmont Airlines, Inc.* (C.D. Cal. 2024) 734 F.Supp.3d 988, 993. The Court therefore assesses whether the complaint contains sufficient factual matter, accepted as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007).

In ruling on a Rule 12(c) motion, the Court accepts the nonmoving party's factual allegations as true and construes them in the light most favorable to that party, but need not accept legal conclusions masquerading as factual allegations. *Iqbal*, 556 U.S. at 678. Judgment on the pleadings may be based on the pleadings and matters properly considered therewith, including documents incorporated by reference or subject to judicial notice. *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

### A. Legal Standard for Pleading a Trade Secret

To state a claim for trade secret misappropriation, a plaintiff must plausibly allege that it owned a trade secret, that the defendant improperly acquired, disclosed,

Law Offices of Corbett H. Williams

Page 5

or used the trade secret, and that the plaintiff suffered resulting harm. *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1144 (N.D. Cal. 2019).

A plaintiff "must identify the trade secrets and carry the burden of showing they exist," describing them with sufficient particularity to distinguish them from matters of general knowledge or skill in the industry. *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993); *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164-1165 (9th Cir. 1998). Plaintiffs must "clearly refer to tangible trade secret material" and may not rely on generalized systems, catchall phrases, or broad categories such as business strategies or technical know-how without identifying specific, protectable information. *AlterG*, 388 F. Supp. 3d at 1144–45. *See also*, *Synopsys, Inc. v. ATopTech, Inc.*, No. C 13-CV-02965 SC, 2013 WL 5770542, at *6 (N.D. Cal. Oct. 24, 2013) ("Materials are not trade secrets just because Plaintiff says they are: there must be some minimally plausible factual explanation for why trade secret protection applies."); *Genasys Inc. v. Vector Acoustics, LLC* (S.D. Cal. 2022) 638 F.Supp.3d 1135, 1151 ("Plaintiff fails to plead with particularity its trade secret claims as they are 'impermissibly conclusory.'"); *Profade Apparel, LLC v. Road Runner Sports, Inc.*, No. 18CV1254-JAH (MDD)) 2020 WL 5230490, at *6 (S.D. Cal., Sept. 2, 2020).

The complaint must also allege facts showing reasonable measures to maintain secrecy; allegations of public disclosure or widespread availability undermine the existence of a protectable trade secret. *Veronica Foods Co. v. Ecklin*, No. 16-cv-07223, 2017 WL 2806706, at *6 (N.D. Cal. June 29, 2017).

Finally, conclusory allegations of "use" or "disclosure" are insufficient. Allegations that a defendant merely had access to, acquired, or possessed trade secret information—or that a former employee later worked for a competitor in a similar role—do not state a claim absent facts showing improper use or disclosure of specifically identified trade secrets. *Pellerin v. Honeywell Int'l Inc.*, 877 F. Supp. 2d 983, 989-990 (S.D. Cal. 2012) (holding that "allegations that defendant had access to

Page 6

Law Offices of Corbett H. Williams

and acquired . . . trade secret information" is insufficient. . . . Alleging mere possession of trade secrets is not enough.") (quotes omitted); *S. Cal. Inst. of Law v. TCS Educ. Sys.*, No. CV 10-8026 PSG (AJWx), 2011 WL 1296602, at *7-8 (C.D. Cal. Apr. 5, 2011) (plaintiff "fails to allege [defendant's] nonconsensual misuse of . . . trade secret information, or that [defendant] has disclosed or, by words or conduct, has threatened to disclose the unidentified trade secrets"); *Les Concierges, Inc. v. Robeson*, No. C-09-1510 MMC, 2009 WL 1138561, at *2 (N.D. Cal. Apr. 27, 2009) ("a threat of misappropriation cannot . . . be inferred from the fact [defendant], upon voluntarily terminating his employment with [plaintiff], immediately began working for a direct competitor and appears to be performing for his new employer the same or similar job duties he performed while employed by [plaintiff]."); *Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1120 (N.D. Cal. 1999) ("California law does not recognize the theory of inevitable disclosure"); *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1463–1464 (2002).

### B. <u>The Counterclaim Fails to Allege the Existence of Any Protectable Trade Secrets</u>

The Counterclaim does not plausibly allege the existence of any trade secrets because it fails to identify the alleged secrets with sufficient particularity to distinguish them from non-secret, generally known, or readily ascertainable business information. Plaintiffs must "identify the trade secrets and carry the burden of showing they exist," describing them with enough specificity to separate them from matters of general knowledge or ordinary business information. *MAI Sys.*, 991 F.2d at 522; *Imax*, 152 F.3d at 1164.

Paragraph 43 of the Counterclaim lists broad categories of information rather than any specific, tangible trade secret material. For example, Tapis generically identifies "customer lists, contact information, purchase history, and specific preferences or requirements" (¶ 43(a)), without identifying any particular customer, list, compilation, or non-public data point that is alleged to be secret. Likewise,

Page 7

Law Offices of Corbett H. Williams

references to "pricing strategies, pricing models, negotiation strategies, discounts, and profit margins" (¶ 43(b)) are classic catchall categories that courts repeatedly hold insufficient where, as here, the pleading does not identify any concrete pricing formula, methodology, or document that purportedly constitutes a trade secret.

The same deficiency appears throughout Paragraph 43. Allegations concerning "sales reports," "summaries of sales performance," and "commission details" (¶ 43(c)); "financial documents, forecasts, profit and loss statements, and internal analyses" (¶ 43(d)); and "strategic plans for market expansion, product development, and competitive positioning" (¶ 43(e)) merely recite types of ordinary business records and strategies without tethering them to any specific confidential content or explaining how they differ from information commonly known or used in the industry. Categorical descriptions are insufficient to plead the existence of a trade secret. *AlterG*, 388 F. Supp. 3d at 1144–1145; *Synopsys*, 2013 WL 5770542, at *6.

Paragraph 43's references to "proprietary information on products, technical specifications, production techniques, and quality control measures" (¶ 43(f)) and to "emails, memos, and other communications containing insights into internal decision-making and strategic direction" (¶ 43(g)) suffer from the same flaw. These allegations identify only subject areas, not the alleged trade secrets themselves, and impermissibly invite the Court to infer secrecy from labels rather than from well-pleaded facts. Plaintiffs may not rely on generalized descriptions of "systems," "processes," or "communications" that might "potentially qualify" for trade secret protection. *AlterG*, 388 F. Supp. 3d at 1144–1145; *Synopsys*, 2013 WL 5770542, at *6.

Finally, the repetition of customer contact information in Paragraph 43(h) underscores the lack of particularity. Merely alleging that customer names, email addresses, and phone numbers exist does not plausibly establish a trade secret absent facts showing that such information is secret, compiled in a unique manner, or not readily ascertainable through proper means.

Page 8

Because Paragraph 43 relies entirely on broad, nonspecific categories and "catchall" descriptions, the Counterclaim fails to allege any identifiable trade secret with discernible boundaries. As a result, Tapis has not carried its burden to plead the existence of a trade secret, and its CUTSA claim fails as a matter of law.

### C. CUTSA Supersedes Tort Claims Based on the Same Nucleus of Facts

California's Uniform Trade Secrets Act ("CUTSA") provides the exclusive civil remedy for conduct falling within its scope and supersedes other civil remedies based on the misappropriation of a trade secret. Cal. Civ. Code § 3426.7; *Waymo LLC v. Uber Techs., Inc.*, 256 F.Supp.3d 1059, 1062 (N.D. Cal. 2017). Accordingly, CUTSA "supersedes claims . . . based on the same nucleus of facts as trade secret misappropriation." *Waymo*, 256 F.Supp.3d at 1062 (quoting *Silvaco Data Sys. v. Intel Corp.*, 184 Cal.App.4th 210, 232 (2010)).

Under this settled "nucleus of facts" test, the CUTSA "preempts common law claims that are 'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.'" *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal.App.4th 939, 958 (2009). This is so regardless of whether the other claim seeks "something more" or requires proof of additional elements not necessary to a trade secret misappropriation claim. *Id.* at 958, 960; *EchoSpan, Inc. v. Medallia, Inc.*, No. 22-cv-1732-NC, 2022 WL 18539352, at *2 (N.D. Cal. July 19, 2022).

At the pleading stage, "the supersession analysis asks whether, stripped of facts supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support other causes of action." *Qiang Wang v. Palo Alto Networks, Inc.*, No. C 12-05579 WHA, 2013 WL 415615, at *4 (N.D. Cal. Jan. 31, 2013).

CUTSA supersession applies even where the allegedly misappropriated information is characterized as confidential or proprietary rather than a statutory trade secret. Courts have held that CUTSA "preempt[s] all claims premised on the wrongful

Page 9

taking and use of confidential business and proprietary information, even if that information does not meet the statutory definition of a trade secret." *Epicor Software Corp. v. Alternative Tech. Sols., Inc.*, No. SACV 13-00448-CJC-RNBX, 2015 WL 12724073, at *2 (C.D. Cal. Apr. 2, 2015); *Silvaco*, 184 Cal.App.4th at 239 n.22 (holding that the CUTSA preempts "claims based on the taking of information that, though not a trade secret, was nonetheless of value to the claimant.").

### D. **Tapis's Fourth, Fifth, and Seventh Causes of Action Are Based on the Same Common Nucleus of Facts as Its CUTSA Claim and Are therefore Superseded**

Tapis's Fourth Cause of Action for Breach of the Duty of Loyalty, Sixth Cause of Action for Conversion, and Seventh Cause of Action for Unfair Competition are all based on the same alleged conduct that underlies its CUTSA claim—namely, Nicholls's alleged downloading, retention, and use of Tapis's confidential, proprietary, and trade secret information to compete with Tapis.

#### 1. **The CUTSA Claim Establishes the Operative Nucleus of Facts**

Tapis's CUTSA claim is premised on allegations that Nicholls, while employed by Tapis, downloaded and retained Tapis's confidential and trade secret information from its Google Drive and other systems, including customer lists, pricing strategies, sales reports, marketing materials, technical data, and business strategies (Counterclaim, ¶¶ 31–43). Tapis alleges that this information constituted trade secrets, derived independent economic value from secrecy, and was misappropriated by Nicholls through improper acquisition, retention, and use for competitive purposes (*Id.* at ¶¶ 54–60, 66-69). These allegations define the factual nucleus of the Counterclaim. *See e.g.*, *Waymo*, 256 F.Supp.3d at 1062.

Page 10

Law Offices of Corbett H. Williams

## 2. The Duty of Loyalty Claim Is Based on the Same Alleged Misappropriation

The Fourth Cause of Action expressly realleges all preceding allegations, including those supporting the CUTSA claim. (Counterclaim, ¶ 80). The only misconduct alleged in support of the duty-of-loyalty claim is that Nicholls, while still employed, used Tapis's time, property, and systems "to raid Tapis's confidential and proprietary information to benefit himself and/or Tapis's competitors" (*Id.* ¶ 83), and that he did so for his own benefit rather than in furtherance of his job duties. (*Id.* ¶¶ 84).

The duty-of-loyalty claim does not allege any conduct independent of the alleged acquisition and misuse of confidential and/or trade secret information. Absent those allegations, the claim cannot be "reassembled" to state a separate theory of wrongdoing. Because the claim rests entirely on the same alleged misappropriation forming the basis of the CUTSA claim, it is superseded. *See Qiang Wang*, 2013 WL 415615, at *4.

Said differently, if the allegations supporting Tapis's CUTSA claim are removed, no cause of action is stated. Accordingly, the Fourth Cause of Action is superseded. *Symphony Risk Solutions Ins. Serv., Inc. v. Perlite*, No. 24-CV-06437-WHO, 2024 WL 5112479, at *5-6 (N.D. Cal., Dec. 13, 2024) (breach of duty of loyalty claim preempted where it is "based on the same operative facts" as the CUTSA claim); *Jun-En Enter. v. Lin*, No. CV 12-2734 PSG (SSX), 2012 WL 12886499, at *4 (C.D. Cal., Oct. 17, 2012) (dismissing common law claims, including for breach of duty of loyalty, as based on the same nucleus of facts as plaintiffs' trade secret misappropriation claim); *Harvest Small Bus. Fin. v. Mitnick*, No. 8:24-CV-00032-FWS-DFM), 2024 WL 694372, at *9 (C.D. Cal., Jan. 23, 2024) ("the court finds Plaintiff's claims for breach of the duty of loyalty, aiding and abetting breach of the duty of loyalty, and unfair competition derive from the same nucleus of operative fact as Plaintiffs' trade secrets claims and are thus superseded by the CUTSA.").

Page 11

Law Offices of Corbett H. Williams

### 3. Tapis's Fifth Cause of Action Under California Penal Code Section 502 Is Preempted by CUTSA

Ninth Circuit Courts have held that claims under California Penal Code section 502 are preempted by the California Uniform Trade Secrets Act where they are based on the same nucleus of facts as a CUTSA claim and seek civil remedies for alleged misappropriation.

In *Movement Mortgage, LLC v. Scrima*, the court expressly held that a Penal Code section 502 claim is preempted where it is based on the same conduct alleged to support a CUTSA claim. No. 2:23-CV-02904-DJC-CSK) 2024 WL 3011202, at *5 (E.D. Cal., June 11, 2024). The court rejected the argument that section 502 claims are exempt from CUTSA preemption merely because section 502 appears in the Penal Code, explaining that CUTSA preempts "civil remedies" based on misappropriation and that the plaintiff sought only civil—not criminal—relief. *Id.* The court concluded that where a section 502 claim alleges unauthorized access to computers and downloading of confidential or proprietary information as part of the same scheme alleged under CUTSA, "there is no meaningful difference between facts underlying the section 502 and CUTSA claims," and the section 502 claim is therefore preempted. *Id.*

The court in *United Auto Credit Corporation v. Stewart* reached the same conclusion. There, the court held that a claim under California's Comprehensive Computer Data Access and Fraud Act was preempted by CUTSA where it was based on the same conduct as the trade secret misappropriation claim and sought civil remedies. No. 8:25-CV-00065-RGK) 2025 WL 2428466, at *4 (C.D. Cal., June 23, 2025). The court expressly agreed with the reasoning of *Movement Mortgage*, explaining that "the fact that Plaintiff seeks a civil remedy derived from a criminal statute makes no difference" where the claim is based on misappropriation and seeks civil relief. *Id.*

Page 12

Law Offices of Corbett H. Williams

Applying that reasoning here, Tapis's Fifth Cause of Action alleges that Nicholls incorporates all prior allegations of the Counterclaim and that violated Penal Code section 502 by accessing Tapis's computer systems and downloading confidential and proprietary information without authorization and for competitive purposes. (Counterclaim, ¶¶ 87, 89.) These allegations restate the same conduct alleged in support of Tapis's CUTSA claim—accessing Tapis's systems to obtain confidential and trade secret information for misuse and competition.

Under the reasoning articulated in *Movement Mortgage* and *United Auto*, because Tapis's section 502 claim is based on the same nucleus of facts as its CUTSA claim and seeks civil relief, the Fifth Cause of Action is preempted as a matter of law.

### 4. The UCL Claim Is Expressly Predicated on the Same Misappropriation Allegations and is likewise Preempted

The Seventh Cause of Action for unfair competition under California Government Code Section 17200, *et seq.* ("UCL") expressly incorporates all prior allegations (Counterclaim, ¶ 101) and alleges that Nicholls engaged in unlawful and unfair business practices by using "confidential customer information to compete with Tapis for his own financial gain" (*Id.* ¶ 102). The UCL claim identifies the same alleged conduct—misuse of confidential, proprietary, and trade secret information—as unlawful. (*Id.* ¶ 103).

Thus, the UCL claim is entirely dependent on the same alleged acquisition, retention, and use of confidential and trade secret information that underlies the CUTSA claim. It does not allege any materially distinct conduct and is therefore superseded. *See e.g.*, *K.C. Multimedia, Inc.*, 171 Cal.App.4th at 962 (holding that "As with the other causes of action, appellant's statutory unfair competition claim rests squarely on its factual allegations of trade secret misappropriation . . . . That being so, this claim is also preempted."); *Ikon Office Solutions, Inc. v. Rezente*, No. CIV. 2:10–1704 WBS KJM, 2010 WL 5129293, *6 (E.D. Cal. Dec. 9, 2010) ("To the extent that plaintiff's UCL claim is based on defendants' conduct in violation of

Page 13

Law Offices of Corbett H. Williams

CUTSA, it is preempted."); *Alta Devices, Inc. v. LG Electronics, Inc.* 343 F.Supp.3d 868, 887-888 (N.D. Cal. 2018) (unfair competition claim preempted).

### E. Judgment on the Pleadings Should Be Granted Without Leave to Amend

Judgment on the pleadings should be entered without leave to amend because amendment would be futile. Leave to amend is not required where "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Where the legal deficiencies in a claim are incurable as a matter of law, dismissal with prejudice is appropriate. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, the defects in the Counterclaim are legal, not factual. Tapis's claims fail because they rely on an impermissible inference of trade secret misappropriation based on access and subsequent employment, a theory rejected by courts in the Ninth Circuit applying California law. No amendment can cure the absence of factual allegations showing actual use or disclosure of a trade secret, nor can amendment salvage non–trade-secret claims that are preempted because they are based on the same nucleus of facts as the trade secret claims.

Moreover, Tapis has already demonstrated its inability to plead viable claims by voluntarily dismissing one cause of action and continuing to rely on the same core allegations for the remaining claims. Where a party has failed to cure deficiencies and further amendment would not change the legal analysis, the Court's discretion to deny leave to amend is "particularly broad." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

Because the Counterclaim's defects cannot be cured through amendment, judgment on the pleadings should be entered without leave to amend.

### IV.  CONCLUSION

For each of the forgoing reasons, Plaintiff respectfully requests that the Court enter an order granting judgment on the pleadings as to the Counterclaim's First Cause

Page 14

**Law Offices of Corbett H. Williams**

of action for violation of the CTUSA, Second Cause of Action for violation of the DTSA, Fourth Cause of Action for Breach of the Duty of Loyalty, Fifth Cause of Action for violation of California Penal Code Section 502, and Seventh Cause of Action for violation of the UCL.

Respectfully submitted,

Dated:    January 26, 2026    **Law Office of Corbett H. Williams**

By: /s/ Corbett H. Williams
Attorneys for Plaintiff and
Counter-Defendant
MATTHEW NICHOLLS

**Law Offices of Corbett H. Williams**

Page 15

**PROOF OF SERVICE**

I, Corbett H. Williams, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 24422 Avenida de la Carlota, Suite 370, Laguna Hills, California, 92653, in said County and State.  On January 26, 2026, I served the following document(s):

**PLAINTIFF MATTHEW NICHOLS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C)**

Person(s) or Party Served: **See Attached Service List**

[**XX**] **(VIA ECF SYSTEM)** filing the foregoing document with the Clerk of the United States District Court, Central District, using its ECF System, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

I declare under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 26, 2026 at Laguna Hills, California.

/*s*/ **Corbett H. Williams**
Corbett H. Williams

Page 16

## Service List

**ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT**

MATTHEW NICHOLLS


ELITE EMPLOYMENT LAW APC
Samuel P. Nielson, SBN 274611
25255 Cabot Road, Suite 202
Laguna Hills, CA 92653
sam@EliteEmploymentAttorneys.com
Tel: (949) 603-1020

**ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT**

TAPIS CORPORATION:

BLANK ROME LLP
Travis K. Jang-Busby
Travis.JangBusby@BlankRome.com
Nicole Wentworth
nicole.wentworth@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

**Law Offices of Corbett H. Williams**

Page 17