UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:** **(In Chambers) Order Denying in Large Part Motion to Compel [48]**

## I.    INTRODUCTION

On March 2, 2026, defendant and counter-claimant Tapis Corporation ("Tapis") filed a motion to compel plaintiff and counter-defendant Matthew Nicholls ("Nicholls") to provide further responses to its First Set of Interrogatories and First Set of Requests for Production ("RFP").  Docket no. 48.  The parties' positions are set forth in a Joint Stipulation ("JS").  *Id*.  Tapis's arguments are supported by the declaration of its counsel Nicole N. Wentworth ("Wentworth Decl.") and exhibits.  *Id*.  Nicholls's arguments are supported by his own declaration ("Nicholls Decl."), the declaration of attorney Corbett H. Williams ("Williams Decl."), and exhibits.  *Id*.

The court found a hearing on the motion would not be of assistance and so vacated the hearing noticed for March 25, 2026.  The court now denies in large part Tapis's motion as follows.

## II.    BACKGROUND

Nicholls was a Sales Director at Tapis from December 2017 until his resignation on August 14, 2024.  In September 2024, Nicholls took a marketing position at Perrone Aerospace, a Tapis competitor.  On March 3, 2025, Nicholls filed a first amended complaint against Tapis alleging wage violations.  Docket no. 1-7.  Nicholls alleges Tapis failed to pay overtime and earned commissions, and then retaliated against him after he complained.  *See id*.  Tapis removed the case to this court on April 7, 2025.  Docket no.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

1.  On May 14, 2025, Tapis filed a counterclaim alleging trade secret claims under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq. ("DTSA") and California Uniform Trade Secrets Act, California Civil Code § 3426 ("CUTSA"), as well as other state law claims.  Docket no. 13 ("Counterclaim").  Tapis alleges Nicholls downloaded and retained Tapis's trade secrets to use at his new employer and compete with Tapis.  *See id*.

On August 5, 2025, Nicholls served his First Set of Interrogatories on Tapis ("Nicholls Interrogatories").  Williams Decl. ¶ 2.  Tapis served its responses on September 18, 2025.  *Id*. ¶ 4.  On October 23, 2025, Nicholls sent Tapis a meet and confer letter.  *Id*. ¶ 6, Ex. B.  Among the issues raised in the letter was Tapis's response to Nicholls Interrogatory No. 1, which asked Tapis to "Describe with particularity each purported trade secret YOU allege was misappropriated by NICHOLLS."  *Id*. ¶ 6, Ex. B; *see id*. ¶¶ 3-5.  Nicholls asserted Tapis failed to disclose the trade secrets with reasonable particularity.  *See id*., Ex. B.

Meanwhile, on September 25, 2025, Tapis served its First Set of Interrogatories ("Tapis Interrogatories") and First Set of Requests for the Production of Documents ("Tapis RFPs") and Inspection ("Tapis RFIs").[1]  Wentworth Decl. ¶ 3, Exs. 1-2.  On October 27, 2025, Nicholls served his objections and responses to Tapis's discovery requests.  *Id*. ¶ 4, Exs. 3-4.  On November 18, 2025, Tapis sent plaintiff its Local Rule 37 meet and confer letter.  *Id*. ¶ 5, Ex. 5.

The parties met and conferred on December 3 and 12, 2025.  *Id*. ¶¶ 6-7; Williams Decl. ¶ 7.  At the December 12, 2025 meet and confer, Tapis agreed to supplement its response to Nicholls Interrogatory No. 1 consistent with the requirements of California Code of Civil Procedure § 2019.210.  Williams Decl. ¶ 7; Wentworth Decl. ¶ 8.  Tapis agreed the trade secret disclosure would be limited to the files identified in its initial response.  Williams Decl. ¶ 8; Wentworth Decl. ¶ 8.  Nicholls agreed that once Tapis provided the trade secrets disclosure, he would provide his electronic devices for

---

[1]     Tapis propounded both its requests for documents and inspection in the same document.  *See* Wentworth Decl., Ex. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

inspection by a third-party analyst and further responses to Tapis's discovery requests. Williams Decl. ¶¶ 9-10; Wentworth Decl. ¶ 8.

On January 14, 2026, Tapis provided a further response to Nicholls Interrogatory No. 1.  Wentworth Decl. ¶ 9, Ex. 6; Williams Decl. ¶ 11, Ex. C.  On January 22, 2026, Tapis asked Nicholls to confirm when he would provide further responses to Tapis's discovery requests.  Wentworth Decl. ¶ 10, Ex. 7.  Tapis sent a follow up email on February 2, 2026 after Nicholls failed to respond.  *Id*. ¶ 11.  Nicholls responded that day by telephone and email.  *Id*. ¶ 12, Ex. 7; Williams Decl. ¶¶ 13-17, Ex. D.  Nicholls stated that Tapis's further response to Nicholls Interrogatory No. 1 was still insufficient and Nicholls would provide his further responses to Tapis's discovery requests after Tapis provided legally sufficient disclosures of the trade secrets.  Williams Decl. ¶¶ 13-17, Ex. D; *see* Wentworth Decl., Ex. 7.

The parties met and conferred again on February 6, 2026 but were unable to reach a resolution.  Wentworth Decl. ¶ 13.  Tapis filed the instant motion on March 2, 2026, asking the court to compel Nicholls's: response to the Tapis RFIs; production of documents in response to Tapis RFP Nos. 7, 9, and 10; and further responses to Tapis Interrogatory Nos. 3-5.

Tapis filed the instant motion on March 2, 2026.  On April 14, 2026, Tapis filed a motion to extend the discovery cut-off date from May 4, 2026 to September 14, 2026, which remains pending.  Docket no. 56.

## III.   **DISCUSSION**

Tapis alleges violations of both the DTSA and CUTSA.  Primarily at issue is the applicability of and Tapis's compliance with California Code of Civil Procedure § 2019.210.

//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

## A.   Applicability of California Code of Civil Procedure § 2019.210

Section 2019.210 of the California Code of Civil Procedure provides:

> In any action alleging the misappropriation of a trade secret under the
> [CUTSA], before commencing discovery relating to the trade secret, the
> party alleging the misappropriation shall identify the trade secret with
> reasonable particularity subject to any orders that may be appropriate under
> Section 3426.5 of the Civil Code.

Cal. Civ. Proc. Code § 2019.210.  The purposes of § 2019.210 is to: (1) promote well-investigated claims and dissuade the filing of meritless trade secret complaints; (2) prevent plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets; (3) assist the court in framing the appropriate scope of discovery and in determining whether the discovery requests fall within that scope; and (4) enable defendants to form complete and well-reasoned defenses.  *Comput. Econs., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999); *Advanced Modular Sputtering, Inc. v. Super. Ct.*, 132 Cal. App. 4th 826, 833-34 (2005).

In contrast, DTSA "does not require a plaintiff to identify with particularity its alleged trade secrets from the start" and "does not set out requirements for the specific timing or scope of identifying trade secrets." *Quintara Bioscis., Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1085, 1089 (9th Cir. 2025).  Although DTSA's sufficient particularity showing is similar to the CUTSA reasonable particularity rule, whether a party alleging trade secret misappropriation has identified a trade secret with sufficient particularity is a question of fact usually addressed at the summary judgment stage or trial.  *Id.* at 1085.

"When determining a state law claim, federal courts generally apply federal procedural law and the state's substantive law." *Masimo Corp. v. Apple Inc.*, 2020 WL 5223558, at *3 (C.D. Cal. Jun. 15, 2020) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1934)).  "The distinction between 'substance' and 'procedure' is not fixed, but depends on the legal context of each case." *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *3 (E.D. Cal. Jun. 19, 2018)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

(citing *Hanna v. Plumer*, 380 U.S. 460, 471 (1965)).  Courts engage in a two-step analysis to make this determination.  *Comput. Econs.*, 50 Supp. 2d at 986.  First, the court determines whether the state rule conflicts with the Federal Rules of Civil Procedure.  *Id.* (citing *Hanna*, 380 U.S. at 471).  If there is a conflict, federal law applies.  *Id.*  If there is no conflict, the court analyzes whether application of the federal rule would significantly affect the outcome of the litigation or encourage forum shopping.  *Id.*

The Ninth Circuit has not decided whether § 2019.210 applies to CUTSA actions in federal courts.  *Masimo*, 2020 WL 5223558, at *4 ("The Ninth Circuit has not decided whether Section 2019.210 must be applied by district courts hearing CUTSA claims.").  Prior to *Quintara*, district courts that have considered this issue in cases involving both CUTSA and DTSA claims have treated the claims coextensively and have been divided as to § 2019.210's applicability in federal court.  *See Masimo*, 2020 WL 5223558, at *4 (listing cases); *compare Loop AI Labs Inc. v. Gatti*, 2015 WL 9269758, at * 3 (N.D. Cal. Dec. 21, 2015) (§ 2019.210 complements and is consistent with Rule 26's requirement of early disclosure of evidence relevant to the claims at issue); *Social Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063, at *2 (N.D. Cal. Jun. 14, 2012) (§ 2019.210 does not conflict with Federal Rules and assists court in defining the proper scope of discovery); *Gabriel Techs Corp. v. Qualcomm Inc.*, 2012 WL 849167, at *4 (S.D. Mar. 13, 2012) (no conflict between § 2019.210 and Federal Rules of Civil Procedure), and *Conversion Logic, Inc. v. Measured, Inc.*, 2020 WL 2046391, at *2 (C.D. Cal. Jan. 16, 2020) (declining to apply § 2019.210 because it precludes a plaintiff from engaging in discovery it would otherwise be permitted to engage in under Rule 26); *Hilderman v. Enea TekSci., Inc.*, 2010 WL 143440, at *2 (S.D. Cal. Jan. 8, 2010) (concluding § 2019.210 conflicts with Rule 26). Subsequent to *Quintara*, district courts have found that § 2019.210 "does not automatically apply to DTSA claims. . ., even if CUTSA claims are pled."  *Sanas.AI, Inc. v. Krisp Techs., Inc.*, 2026 WL 892017, at *2 (N.D. Cal. Apr. 1, 2026); *see Tesla, Inc. v. Proception, Inc.*, 2025 WL 3187569, at *5 (N.D. Cal. Nov. 14, 2025) (noting § 2019.210 may apply to CUTSA claim but not to the DTSA claim); *see also Core Health and Fitness, LLC v. Transmedik Specialized Inc.*, 2025 WL 3691958, at *6 (C.D. Cal. Nov. 24, 2025) (finding that *Quintara* concluded that the Federal Rules applied where no CUTSA claim was alleged).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

The court here finds the post-*Quintara* decisions persuasive and agrees that following *Quintara*, § 2019.210 does not automatically apply to DTSA claims, even if CUTSA claims are alleged.  But *Quintara* did not involve both CUTSA and DTSA claims and did not address the practicalities of applying different standards for the two claims during discovery.  *See Quintara*, 149 F.4th 1081 (concluding the Federal Rules of Civil Procedure applied in case where no CUTSA claim was alleged).  Nor did *Quintara* appear to prohibit a court's use of § 2019.210 to manage discovery.  *See id*.  Indeed, the Ninth Circuit recognized that discovery involving trade secrets "presents a delicate problem," in which a court must ensure the right of one party to get relevant evidence and protect the other party from disclosing trade secrets that are not relevant, and noted that Rule 16 equips the court with the power to manage this "delicate power."  *Id*. at 1088 (quotation marks and citation omitted); *see InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020) ("Refining trade secret identifications through discovery makes good sense.").  The pretrial management powers provide a court with the authority "to order that trades secrets 'be revealed only in a specified way.'" *Quintara*, 149 F.4th at 1088. (quoting Fed. R. Civ. P. 26(c)(1)(G)).  The Ninth Circuit also acknowledged that some federal courts have applied § 2019.210 to CUTSA claims in combination with DTSA claims.  *Id*.; *see also Picture Shop, LLC v. Saw Inc.*, 2024 WL 2106747, at *3 (C.D. Cal. Apr. 5, 2024) ("[C]ourts have wide discretion to manage discovery, and thus may adopt the sequencing of CUTSA when it makes sense to do so."); *E. & J. Gallo Winery*, 2018 WL 3062160, at *3-*4 (exercising its wide discretion to require plaintiffs identify their trade secrets with reasonable particularity compliant with § 2019.210 in order to narrow and clarify the issues for the parties).

Here, the DTSA and CUTSA claims involve the same trade secrets, Nicholls addressed the disclosure issue at the early stages of discovery, Tapis initially agreed to comply with § 2019.210, and, as discussed below, Nicholls has been unable to identify a specific trade secret.  Given these circumstances, the court finds that exercising its discretion to require compliance with § 2019.210 is warranted.  *See Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2023 WL 4045234, at *2 (N.D. Cal. Jun. 15, 2023) (concluding that even if § 2019.210 is not available, a federal court has the discretion to require the disclosure of trade secrets before allowing trade secret related discovery to proceed).  The question then is whether Tapis's trade secret disclosure to date is adequate to permit it to commence discovery concerning its trade secret claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

## B.    Tapis Failed to Describe Its Trade Secrets With Reasonable Particularity

Tapis argues that regardless of the applicable law, it has sufficiently identified the allegedly misappropriated trade secrets.  JS at 19.  Nicholls contends Tapis's disclosure does not satisfy the reasonable particularity standard because it merely identified categories of information and an Excel spreadsheet, without identifying which files listed on the spreadsheet contain trade secrets.  JS at 25-26.

The court recognizes that the District Judge recently denied in part Nicholls's motion for judgment on the pleadings and found Tapis sufficiently alleges DTSA and CUTSA claims.  Docket no. 63.  But whether Tapis sufficiently pled trade secret misappropriation claims is distinct from whether it has met the § 2019.210 requirements to commence discovery.  *See Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 882 (N.D. Cal. 2018) (§ 2019.210 "has no place at the pleading stage"); *W. Air Charter v. Schembari*, 2018 WL 6537158, at *5 (C.D. Cal. Apr. 9, 2018) (addressing only whether plaintiff has complied with the discovery requirement of describing a claim with reasonable particularity and noting that whether plaintiff has stated a trade secret misappropriation claim is a separate issue); *Cedars Sinai Med. Ctr. v. Quest Diagnostic Inc.*, 2018 WL 2558388, at *3 (C.D. Cal. Feb. 27, 2018) ("Cal. Civ. Proc. Code § 2019.210 says nothing of pleading and by its very terms is limited to the initiation of discovery."); *Space Data Corp. v. X*, 2017 WL 3007078, at *3 (N.D. Cal. Jul. 14, 2017) (disclosure under § 2019.210 "is an issue separate from" a motion to dismiss); *see also Meggit San Juan Capistrano, Inc. v. Yongzhong*, 575 F. App'x 801, 803 (9th Cir. 2014) ("Appellants cite no state authority for the proposition that [plaintiff] should have identified the particular trade secrets *at the pleading stage.*").

As one court explained, § 2019.210's requirement that a trade secret be identified with reasonable particularity before commencing discovery "does not create a pleading requirement even in state court, [and] it certainly does not govern the adequacy of the complaint in federal court.  If anything, it supports the notion that plaintiffs cannot be expected to disclose publicly in the complaint the very secrets they are seeking to protect." *Vendavo, Inc. v. Price f(x) AG*, 2018 WL 1456697, at *4 n.3 (N.D. Cal. Mar. 23, 2018).  Thus, in this case, counsel agreed that Tapis would supplement its response to Nicholls Interrogatory No. 1 – calling for Tapis to describe with particularity each trade

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

secret Tapis alleges was misappropriated by Nicholls – consistent with § 2019.210, after which Nicholls would provide further discovery responses.  Williams Decl. ¶¶ 7-10; Wentworth Decl. ¶ 8.  It is the sufficiency of this separate trade secret disclosure – for the purpose of limiting the scope of discovery – that is at issue here.  *See Advanced Modular Sputtering*, 132 Cal. App. 4th at 835 ("The trade secret designation mandated by section 2019.210 is not itself a pleading but it functions like one in a trade secret case because it limits the scope of discovery in much the same way as the allegations of a complaint limit discovery in other types of civil actions.").

For purposes of § 2019.210, reasonable particularity "does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation.  Nor does it require a discovery referee or trial court to conduct a miniature trial on the merits of a misappropriation claim before discovery may commence."  *Advanced Modular Sputtering*, 132 Cal. App. 4th at 835.  Instead, the party alleging misappropriation must make a "showing that is reasonable, i.e., fair, proper, just and rational under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits."  *Id*. at 836 (citations omitted).  The degree of particularity required differs depending on the alleged trade secrets at issue.  *Id.*

In his interrogatories, Nicholls asked Tapis to "[d]escribe with particularity each purported trade secret YOU allege was misappropriated by NICHOLLS."  Williams Decl. ¶ 6, Ex. B; *see id.* ¶¶ 3-5.  In its response to Nicholls Interrogatory No. 1, Tapis responded:

> Tapis refers Nicholls to Paragraphs 35 and 43 of its Counterclaim. Tapis contends that all of the items listed in those paragraphs were trade secrets misappropriated by Nicholls.   Additionally, Tapis refers Nicholls to its document production at TAP000598. Tapis contends that all of the items listed in that document were trade secrets misappropriated by Nicholls. Investigation and discovery are ongoing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

Wentworth Decl., Ex. 6.  Paragraphs 35 and 43 identify various Tapis drives (e.g., marketing drive) and eight categories of information including customer lists and contact information.  Counterclaim ¶¶ 35, 43.

In its further response to Nicholls Interrogatory No. 1, Tapis responded:

Tapis alleges that Nicholls misappropriated all of the items listed in TAP000598 from Tapis, which consists of business, social media, and marketing plans; customer quotes; marketing materials; sales presentations; project files; historical promotional materials; sales documentation; inventory lists; customer POs, work orders, certificates of conformance, packlists, and pricing details for orders processed and shipped; photographs sourced from customer contributions, company meetings, workshops, conferences, and other events; quality assurance test reports; inventory, lamination settings, quotes, and drawings for projects; customer lists, contact information, purchase history, and preferences and requirements; pricing models, negotiation strategies, discounts and profit margins; summaries of sales performance, booked orders, and commission details outlining revenue streams and sales strategies; financial forecasts and business projections; strategic plans for market expansion, product development, and competitive positioning; and technical product specifications, production techniques, and quality control measures.

*Id*.  Tapis stated that its disclosure "is presently limited to the items listed in TAP000598."  *Id*.

TAP000598 is an Excel spreadsheet containing 862 entries of files names and directory paths from Nicholls's company-issued laptop.  Williams Decl., Ex. A; Nicholls Decl. ¶¶ 9-10.  Included in this list are public domain materials, music files, product images available on Tapis's website, and PowerPoint template files.  Nicholls ¶ 11. When Nicholls informed Tapis that most of the materials listed in TAP000598 appeared to be non-confidential, publicly available items and asked it to identify and describe the specific files constituting trade secrets, Tapis refused.  Williams Decl. ¶¶ 14-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

While the subject matter of Tapis's trade secret misappropriation claims – primarily pricing, marketing, and product development strategy – does not require the same level of specificity as those concerning technical matters, Tapis's trade secret disclosure is grossly overbroad.  Tapis has neither provided descriptions of any of the 862 entries nor identified which of the files contain the alleged trade secrets.  *See id.*, Ex. A.  Even without descriptions, a large number could not on their face be considered a trade secret.  For example, entries 87-97 appear to be job listings and entries 563-792 appear to be purchased Powerpoint templates.  *See id.*  Indeed, Tapis has acknowledged that most of the listed files appear to be non-confidential.  Williams Decl. ¶ 18.  Nor is Tapis's identification of the general categories of trade secrets in TAP000598 sufficient.  "Courts have held that general identifications of trade secret categories fall short of the level of particularity required by Section 2019.210" since a defendant would still be left to guess at what the trade secret may be and "cannot reasonably prepare [its] defenses" "if the boundaries of the trade secret are so undetermined."  *E. & J. Gallo Winery*, 2018 WL 3062160, at *5 (citation omitted); *see Loop AI Labs v. Gatti*, 195 F. Supp. 3d 1107, 1114 (N.D. Cal. 2016) (the listing of general concepts or categories of information is insufficient).  Given the number of files, the lack of descriptions for the files, and the plain irrelevance of many of the files, Tapis's disclosure does not come close to meeting the reasonable particularity standard.  *See Loop AI Labs*, 2015 WL 9269758, at *4 (simply stating that the provided files are highly confidential and "many contain" trade secrets lacks reasonable particularity).

The court finds that for purposes of this discovery dispute, Tapis has not made a trade secret disclosure sufficient to comply with § 2019.210.[2]  By failing to identify which of the listed files it genuinely claims are trade secrets, Tapis has hindered both the court's ability to manage the scope of discovery and Nicholls's opportunity to fairly

---

[2]  The court's order is not a finding as to whether Tapis has identified a trade secret with sufficient particularity as a matter of fact.  *See also Bal Seal Eng'g, Inc. v. Nelson Prods., Inc.*, 2017 WL 10543565, at *6 (C.D. Cal. Mar. 13, 2017) ("For purposes of complying with section 2019.210 or [Rule] 26, a plaintiff need not prove at the discovery stage that each trade secret identified qualifies for trade secret protection.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
| --- | --- | --- | --- |
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

prepare his defense of Tapis's counterclaims.  Accordingly, Tapis's motion to compel further responses from Nicholls is denied at this time, except as discussed below.

## C.      Forensic Imaging

Because Tapis should be able to readily amend its trade secret disclosure to identify the trade secrets it claims Nicholls misappropriated with reasonable particularity, the court addresses some of Nicholls's other objections.  With respect to Nicholls's remaining objections to the Tapis RFIs, Tapis contends Nicholls has no basis to insist on a neutral expert to conduct the inspection.  *Id*.  Nicholls states it has agreed to a targeted forensic examination by a neutral third-party expert once Tapis makes a legally sufficient trade secret disclosure.  *Id.* at 29-31.

Parties routinely agree to inspections by neutral third parties, particularly when there are privacy concerns.  *See, e.g., In re Apple Inc. Device Performance Litig.*, 2019 WL 3973752 (N.D. Cal. Aug. 22, 2019); *Pacific Woodtech Corp. v. Semsak*, 2020 WL 1150287 (W.D. Wash. Mar. 9, 2020) (third-party expert in conjunction with parties' experts); *Roadrunner Transport. Servs., Inc. v. Tarwater*, 2012 WL 12918366 (C.D. Cal. May 31, 2012); *Digital Alpha Advisors, LLC v. Ladak*, 2023 WL 6621446 (D. Nev. Oct. 11, 2023).  Given that Tapis seeks to search Nicholls's personal devices and cloud storage accounts, Nicholls's privacy interests are significant.  *See* Wentworth Decl., Ex. 2.  As such, once Tapis has identified the claimed trade secrets with reasonable particularity, Nicholls shall make his personal electronic devices and cloud storage accounts available for inspection by a neutral third-party expert.  Because the inspection will not be conducted by Tapis itself, there is no need for Nicholls to provide its passwords and pass codes to Tapis in response to Tapis RFI No. 4.

## D.      Other Objections

Tapis also moves to compel further responses to Tapis RFP Nos. 7, 9, and 10 and Tapis Interrogatory Nos. 3-5.  JS at 20-22.  The discovery requests state as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

- <u>Request for Production No. 7</u>.  All DOCUMENTS RELATING TO any current or former TAPIS customer, partner, or client created or distributed from May 1, 2024 to present.

- <u>Request for Production No. 9</u>. All DOCUMENTS shared between or among YOU and PERRONE from May 1, 2024 to September 30, 2024.

- <u>Request for Production No. 10</u>.  All COMMUNICATIONS between or among YOU and PERRONE from May 1, 2024 to September 30, 2024.

- <u>Interrogatory No. 3</u>.  DESCRIBE all steps taken by YOU to develop PERRONE's business, such as PERRONE's technology, business model, go-to-market strategy and funding, including the sources of information, market research, industry contacts relied upon, and whether any such steps involved the use of data, code, algorithms, documentation, or other information obtained and/or derived from TAPIS.

- <u>Interrogatory No. 4</u>.  IDENTIFY all TAPIS customers, including prospective customers, with which YOU have had contact since August 14, 2024.

- <u>Interrogatory No. 5</u>.  IDENTIFY all PERRONE customers, including prospective customers, with which YOU have had contact since May 1, 2024.

JS at 12-16.  Nicholls contends these discovery requests are premature, overbroad, and impose an improper competitive burden.  JS at 31-32.  Specifically, Nicholls argues these requests are premature because they are predicated on the trade secret claims and Tapis has failed to identify any trade secret with particularity.  JS at 31.  Nicholls further argues Interrogatory Nos. 4-5 and RFP No. 7, 9, and 10 are overly broad – Interrogatory Nos. 4-5 seek information for the time period after his departure from Tapis and RFP Nos. 7, 9, and 10 seek wholesale disclosure of sensitive information and are not limited to a specific customer list, pricing model, or proprietary compilation.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00870-JGB-SPx | Date | May 6, 2026 |
|---|---|---|---|
| Title | Matthew Nicholls v. Tapis Corporation, et al. | | |

The above discovery requests are indeed predicated for the most part on the trade secrets claims and, as the court discussed above, Tapis has not complied with § 2019.210. Thus, the motion is premature because it is unclear what Nicholls will produce or withhold if and when Tapis makes its further amended trade secret disclosure. If and when Tapis produces a reasonably particular trade secret disclosure, the parties must promptly meet and confer regarding what Nicholls will produce and whether any of the discovery requests should be refined in some way in light of the disclosure. Following this, Nicholls must promptly produce the agreed-upon discovery.

Finally, the court addresses Nicholls's other objections to RFP No. 7. Much of the information sought by this request, specifically during Nicholls's employment with Tapis, is unlikely to be confidential information belonging to a third party. The court therefore overrules Nicholls's remaining objections for the time period from May 1, 2024 until August 14, 2024, when Nicholls's employment at Tapis ended. As for responsive documents from August 15, 2024 to the present, the motion to compel is premature as discussed above.

## IV.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Tapis's motion to compel (docket no. 48) is denied in large part without prejudice. If and when Tapis provides a reasonably particular amended trade secret disclosure, and if the parties are still unable to resolve all their disputes after a meet and confer, they may return to the court.